IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
at Santa Fe, NM
APR 15 1996
ROBERT M. MARCH, Clerk
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JIMMY (aka BILLY) McCLENDON, et al.,

    Plaintiffs,

vs.                                                                 NO. 6:95-cv-24 MV/RLP

CITY OF ALBUQUERQUE, et al.,

ENTERED ON DOCKET
4/15/96

    Defendants.

---

**MONDAY, MARCH 25, 1996 ORDER THAT DEFENDANTS COMPLY**

**WITH AUGUST 23, 1995 STIPULATED ORDER**

**AND**

**RESPOND TO PLAINTIFFS' MOTION TO SHOW CAUSE**

**WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT**

---

**THIS MATTER** comes before the Court pursuant to a hearing held on Monday, March 25, 1996 for the purpose of allowing Defendants to advise the Court of any additional alternative facilities that may have become available since the hearing held on Friday, March 22, 1996. The Court finds that Defendants have violated the Court's August 23, 1995 **[Doc. No. 106]** and March 22, 1996 orders in several respects.

Defendants violated these orders on March 17, 1996 by exceeding the stipulated population cap. Defendants again violated these orders during the week of March 18, 1996 by exceeding the population cap and by housing inmates in unapproved facilities consisting of a training center, a house trailer near a municipal dump and a municipal warehouse.[1] Moreover, Defendants are continuing to house inmates in the unapproved warehouse facility and have failed to implement the Matrix Release System to reduce the population at the Bernalillo County Detention Center ("BCDC") as this Court ordered in August, 1995 pursuant to the stipulation of the parties.

**THE COURT HEREBY ORDERS** that inmates currently housed at the warehouse facility[2] be returned immediately to the main BCDC facility and that Defendants comply with this Court's Order of August 23, 1995. The Defendants are further ordered to comply with the Court's March 22, 1996 order that any proposed site must be certified by the fire marshall as

---

[1] On Friday, March 22, 1996, the Court ruled that Defendants could house inmates in tent facilities. On Sunday, March 24, 1996, all parties agreed that the tents were not suitable because of extremely cold whether. All parties requested that the tents no longer be used. The Court granted this joint request. At this time, Defendants did not inform the Court or opposing counsel that the warehouse would be used that evening to house inmates.

[2] BCDC residents were housed in these locations even though there was no evidence that City and State Fire Marshals had certified that the location was in compliance with City and State fire codes. *See Transcript of Status Hearing, p. 6, ll. 21-25, p. 9, ll. (March 25, 1996)*. Moreover, the evidence indicates that none of the locations had proper security. At the time of this hearing, Defendants had not erected a security fence around the warehouse. Security was provided by Albuquerque Police Department Officers who set up a perimeter around the facility. *Id.* at p. 8, ll. 19-21.

It is notable that in response to the question posed to Mr. Sisneros, "Is it your opinion that the site at Montessa No. 2 will be adequate, both safe and secure, to house inmates?", he stated "I believe we can adapt it to provide what we feel is a viable alternative . . ." *See Transcript of Status Hearing, p. 40, ll. 3-7 (March 25, 1996)*. His testimony indicates that, at the time inmates were moved to this warehouse on Sunday evening, March 24, 1996, the warehouse was not, in fact, adequate to house inmates.

safe and must be made available to opposing counsel before any inmates may be housed there. Defendants' oral request that the Court reconsider these two requirements is denied. *See Transcript of Status Hearing, p. 64, ll. 6-8, p. 65, ll. 10-25 (March 25, 1996)*; *see also* D.N.M.LR-Cv 7.1.

Because Defendants have failed to provide alternative habitable facilities and because Defendants never moved the Court to modify the August 23, 1995 stipulated order, Defendants are further ordered to comply with that order by implementing the Matrix Release System to assure adherence to the specified population cap.

Pursuant to Plaintiffs' motions that Defendants be ordered to show cause why they should not be held in contempt for these violations of the Court's orders, Defendants must file responses in Santa Fe no later than Wednesday, March 27, 1996 at noon. The Court will review Defendants' responses to determine whether a hearing to show cause is required, and counsel will be notified by March 27, 1996 at 5:00 p.m.. If a hearing is set to show cause why Defendants should not be held in contempt, all Defendants shall be required to appear personally and respond individually.

**IT IS SO ORDERED.**

*(signature)*
**Martha Vázquez**
**United States District Judge**