**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


JIMMY (BILLY) MCCLENDON, et al.,

        Plaintiffs,

vs.                                                          Civ. No. 95-24 MV/DJS

CITY OF ALBUQUERQUE, et al.,

        Defendants,

vs.

E.M., R.L., W.A., D.J., P.S., and N.W., on
behalf of themselves and all others similarly
situated,

        Plaintiff Intervenors.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff-Intervenors' Objections to Magistrate Judge Don Svet's July 10, 2002 Order Granting City of Albuquerque's Motion for Protective Order ("Objections"), filed July 22, 2002 **[Doc. No. 383]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Objections are well taken and Magistrate Judge Svet's July 10, 2002 Order Granting City of Albuquerque's Motion for Protective Order (the "Protective Order") shall be set aside.

## BACKGROUND

On June 4, 2002, Plaintiff-Intervenors filed a Motion for Order to Show Cause and For Further Remedial Relief.  Subsequently, on June 25, 2002, Plaintiff-Intervenors served Defendants with Post-Judgment Notice to Take Oral Deposition(s) Pursuant to Federal Rule of Civil Procedure

39(b)(6) ("Deposition Notice") and Second Post-Judgment Request for Production ("Document Request"). The Deposition Notice noticed a deposition for July 11, 2002.

On July 3, 2002, counsel for Defendants hand delivered to Plaintiff-Intervenors' counsel Defendant City of Albuquerque's (the "City") Motion for Protective Order (the "Motion"). The City had made no prior attempt to resolve the discovery dispute before filing the Motion.

On July 10, 2002, Magistrate Judge Svet granted the City's Motion. In the Protective Order, Magistrate Judge Svet set forth two reasons for granting the City's Motion: (1) in an order dated February 4, 2002, Magistrate Judge Svet had denied Plaintiff-Intervenors' Motion to Compel responses to discovery requests similar to those propounded in the Deposition Notice and the Document Request; and (2) the requests for production propounded by Plaintiff-Intervenors failed to allow thirty days for a response as required by Rule 34(b) of the Federal Rules of Civil Procedure.

On July 22, 2002, Plaintiff-Intervenors filed the instant Objections. The City filed a response in opposition on July 31, 2002. Plaintiff-Intervenors' reply papers followed on August 14, 2002.

## STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge to whom the case is assigned shall consider . . . objections [to the magistrate judge's order regarding non-dispositive pretrial matters] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A finding of fact "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The court must examine the magistrate

-2-

judge's opinion to determine whether it is clearly erroneous.  *See Smith v. Pfizer*, No. Civ. A. 98-4156-CM, 2000 WL 1679483, *2 (D. Kan. Oct. 26, 2000).

## DISCUSSION

Plaintiff-Intervenors claim, *inter alia,* that neither reason set forth in the Protective Order provides an adequate basis for granting the City's Motion.  Accordingly, Plaintiff-Intervenors argue, the Protective Order is clearly erroneous.  This Court agrees.

First, the Protective Order provides that the City's Motion was well taken because discovery requests propounded in the Deposition Notice and the Document Request at issue in the City's Motion are similar to those which were the subject of a prior Order Denying Plaintiff-Intervenors' Motion to Compel.  Plaintiff-Intervenors explain that in the Fall of 2001, Plaintiffs and Plaintiff-Intervenors filed a Joint Motion for Order to Show Cause and for Further Remedial Relief (the "Joint Motion").  In connection with the Joint Motion, on October 29, 2001, Plaintiff-Intervenors served on Defendants First Post-Judgment Request for Production and First Post-Judgment Interrogatories.  Although Defendants served Answers to both the interrogatories and the document request, Plaintiff-Intervenors filed a Motion to Compel, arguing that Defendants had not fully and completely responded to their requests.  On February 4, 2002, Magistrate Judge Svet entered an Order Denying Plaintiff-Intervenors' Motion to Compel.  Thereafter, the parties settled the Joint Motion, obviating any need for Plaintiff-Intervenors to file objections to the Order Denying Plaintiff-Intervenors' Motion to Compel.

Plaintiff-Intervenors argue that Magistrate Judge Svet clearly erred in basing his decision to enter a Protective Order on the belief that the discovery requests at issue here were similar to those at issue in the previously dismissed Motion to Compel.  Plaintiff-Intervenors note that only two of

all of the instant discovery requests are similar to those that were at issue in the Motion to Compel. Moreover, Plaintiff-Intervenors explain in detail the differences between the two document requests. Plaintiff-Intervenors direct the Court to at least twelve requests at issue here that were not at issue in the Motion to Compel.   Although Defendants claim that the discovery requests at issue here are "extremely similar" to the ones at issue in the Motion to Compel, Defendants do not attempt to disprove the comparison between the two requests provided by Plaintiff-Intervenors.   Plaintiff-Intervenors thus have provided undisputed evidence that the discovery requests at issue here are different from those that were at issue in the Motion to Compel.   Accordingly, the fact that the Motion to Compel was denied does not provide a sufficient basis for entry of the Protective Order.

Next, the Protective Order provides that the City's Motion was well taken because the requests for production propounded by Plaintiff-Intervenors failed to allow thirty days for a response as required by Rule 34(b) of the Federal Rules of Civil Procedure.  Plaintiff-Intervenors explain that the Document Request did not require a response sooner than permitted under the Federal Rules of Civil Procedure.  Rather, the Document Request explicitly gave Defendants thirty days to respond. Defendants do not dispute this, but rather note that in their Deposition Notice, Plaintiff-Intervenors demanded that Defendants provide witnesses to respond to sixteen interrogatories at a deposition scheduled sixteen days after the date on which the Deposition Notice was served.  The date set for the deposition is irrelevant to the Document Request and has no effect on the deadline for Defendants's response to the Document Request.  Moreover, Defendants filed their Notice of Non-Appearance at Deposition and, with the filing of that document, their failure to appear at the deposition was necessarily excused.  Thus, no response to any requests served by Plaintiff-Intervenors was due on the date originally scheduled for the deposition or on any other date before the thirty day

deadline properly set forth in the Document Request.  Accordingly, Plaintiff-Intervenors' Document Request did not run afoul of the Federal Rules of Civil Procedure and thus does not provide a basis for entry of the Protective Order.

<u>**CONCLUSION**</u>

As set forth above, neither of the two reasons set forth in the Protective Order provides an appropriate basis for granting the City' Motion.  Accordingly, entry of the Protective Order was clearly erroneous.

**IT IS THEREFORE ORDERED** that the July 10, 2002 Order is set aside.

**DATED** this 23rd day of August, 2004.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorneys for Plaintiff</u>:
Brian Pori
Peter Schoenburg

<u>Attorneys for Plaintiff Intervenors</u>:
Peter Cubra
Claire Dickson

<u>Attorney for Defendant</u>:
Jeffrey L. Baker