## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JIMMY (BILLY) MCCLENDON, et. al.,

        **Plaintiffs,**

v.                                                CIV-95-0024 JP/ACT

CITY OF ALBUQUERQUE, et. al.,

        **Defendants,**

v.

E.M., R.L., W.A., D.J., P.S., and N.W., on behalf of themselves
and all others similarly situated,

        **Plaintiff-Intervenors.**

### INTERIM ORDER REGARDING ACCESS TO THE MDC

This matter came before the Court on plaintiffs' and plaintiff-intervenors' joint motion for

a restraining order enjoining the defendants from reducing access to the Metropolitan Detention

Center (MDC) and for an order to show cause and for further remedial relief (Doc. No. 731) (the

Motion). The District Judge referred this matter to the United States Magistrate Judge to attempt

to resolve the access issues raised in the Motion. The Court has considered the arguments of counsel

for the parties and hereby enters this interim order.

The parties and Correctional Medical Services, Inc. (CMS) will comply with the following

protocols regarding monitoring by counsel for plaintiffs and counsel for plaintiff-intervenors and

non-lawyers who work with counsel for both plaintiffs and plaintiff-intervenors:

1. Counsel for plaintiffs and plaintiff-intervenors and their staff may review up to 15 medical

files per site visit. Counsel for plaintiffs and plaintiff-intervenors and their staff will give CMS

notice of which medical files they wish to review at least 48 hours before the site visit. However,

plaintiffs and plaintiff-intervenors may request up to 3 of the 15 files during the site visit and may review those files during that day's visit at the designated file review area in the finance conference room, as long as the request is made by 2:30 p.m. on the day of the visit. In addition, counsel for plaintiffs and plaintiff-intervenors will be allowed to spend up to 15 minutes during any visit to observe activities and postings in the PSU office.

2. Hours for medical and mental health file review will be during the regular working week (excluding public holidays) between 9:00 a.m. and 3:30 p.m., Monday through Friday. Counsel for plaintiff-intervenors and plaintiffs and their staff will be escorted by MDC or CMS staff during medical and mental health file review. If counsel or their staff is more than 30 minutes late, MDC may reschedule the visit.

3. Counsel for plaintiffs and plaintiff-intervenors and their staff will designate each page of each medical and mental health file he or she wants copied. CMS will provide copies to counsel and their staff within 3 business days.

4. Counsel for plaintiffs and plaintiff-intervenors and their staff may ask MDC and CMS staff who are present during medical and mental health file reviews to assist them in deciphering handwriting in files, locating particular documents in files, and other clarifying information. Counsel for plaintiffs and plaintiff-intervenors and their staff will not ask staff for MDC and CMS who are present during medical and mental health file reviews substantive questions about patient care or medical information related to care contained in the medical charts. However, when counsel for plaintiffs and plaintiff-intervenors are not conducting medical and mental health file reviews, they may ask substantive questions to MDC and CMS staff, as long as the questions are reasonable and do not interfere with the job duties of MDC and CMS staff. MDC and CMS staff

2

are free to choose to either talk to counsel for plaintiffs and plaintiff-intervenors and their staff or not to talk to counsel and their staff.  MDC and CMS staff may elect to have counsel for MDC or CMS present during their discussions with counsel for plaintiffs and plaintiff-intervenors and their staff.

5.  Counsel for plaintiffs and plaintiff-intervenors and their staff may visit MDC up to eight times in any calendar month to review medical files.  Counsel for plaintiffs and plaintiff-intervenors will decide how those eight visits are allocated between counsel for plaintiffs and plaintiff-intervenors.

6.  Counsel for plaintiffs and plaintiff-intervenors and their staff will notify the deputy director or his designee, in writing (e-mail is acceptable), at least forty-eight hours before visiting their clients in the living units.  However, MDC and CMS will allow counsel for plaintiffs and plaintiff-intervenors and their staff to conduct one unannounced monitoring visit each quarter (e.g. January-March is one quarter).  Each such visit will be limited to normal business hours (8:30 a.m. to 5:00 p.m.), Monday-Friday.

7.  During all monitoring visits, counsel will be escorted by MDC personnel in the hallways, but escorts will not routinely enter the housing units or other areas of MDC (such as the infirmary) with counsel.  Escorts will not write down or otherwise record the names of residents with whom counsel speak and will not take any steps to identify the residents with whom counsel speak. However, corrections officers in the housing units may keep logs regarding the areas of the jail counsel and their staff visit.

8.  At the conclusion of each monitoring visit, counsel or their staff will make a best effort to (1) locate and meet with the Health Services Administrator (HSA) or his/her designee to

3

discuss concerns about medical and mental health treatment that have arisen during the visit and that counsel or their staff believe require the immediate attention of CMS and (2) locate and meet with Mike Sisneros or his designee to discuss other types of concerns that counsel or their staff believe require the immediate attention of MDC. MDC and CMS staff will make a best effort to locate Mr. Sisneros and the HSA for this purpose. Counsel and their staff may document their conversations with the HSA, Mr. Sisneros, or their designees by letter or e-mail, but will not use written correspondence as a substitute for a face-to-face meeting, unless such a meeting is not feasible.

9. The parties and CMS will hold monthly meetings (access meetings) during which they will discuss any problems or concerns regarding the implementation of these protocols and any other problems or concerns regarding access to MDC and/or regarding substantive matters affecting class members. Counsel for plaintiffs and plaintiff-intervenors will propose an agenda of no more than five items at least two business days before the meeting. If defendants and CMS wish to remove any item from the agenda or add any item to the agenda, counsel for defendants and CMS will notify counsel for plaintiffs and plaintiff-intervenors in writing at least one business day before the meeting.

10. Counsel for plaintiffs and plaintiff-intervenors and their staff will request copies of video recordings or the opportunity to review video recordings by sending an e-mail to the records custodian or his/her designee, with copies to the deputy director and counsel for the County. Absent extraordinary circumstances, counsel for plaintiffs and plaintiff-intervenors and their staff will make a total of no more than eight video requests in any calendar month. Requests shall include as much specificity as possible (date, time, location, nature of incident), and shall be made as close to the date of the incident as possible. Counsel for plaintiffs and plaintiff-intervenors and their staff and the

records custodian or his/her designee will confer and agree on a day and time when review of the video will occur (e.g., every Tuesday at 2:00 p.m.).

11.   Within thirty days of receiving any request from counsel for plaintiffs or plaintiff-intervenors or their staff for documents other than client records (which will be made available for review as explained above), defendants and CMS will either produce the documents or explain their reasons for refusing to produce the documents.

12.   Within two business days of when the Deputy Chief learns of any death of a class member—whether the death occurred at MDC, in the Community Custody Program, or in some other location (such as UNMH)—counsel for defendants will notify counsel for both plaintiffs and plaintiff-intervenors of the name of the deceased class member and the date of death.

13.   Every quarter, on a date to be agreed on by the parties and CMS, defendants and CMS will produce documentation regarding mutually agreed subjects, including defendants' logs regarding use of force, use of mace, and other incidents. Defendants will produce that data from the computer system defendants use to keep track of such information. If there is a disagreement about what is to be produced, the matter will be submitted to the U.S. Magistrate Judge for decision.

14. Every month, CMS will provide a copy of the following to counsel for plaintiff-intervenors:  the Clinical Seclusion Log, Suicide Watch Log, Suicide Watch Follow Up Log, Involuntary Medication Log, and Emergency Medication Log.  Other CMS documents, including a reasonable sample of written Requests for Services, Requests for Services Tracking Log, Shift Report Forms, and a list of the people who are "open to PSU" will be provided to counsel for plaintiff intervenors upon request.

15. Any non-lawyer working on behalf of counsel for plaintiffs and plaintiff-intervenors may review videos and documents, including medical records, in the administrative area of MDC without undergoing any background check. Any non-lawyer working on behalf of counsel for plaintiffs and plaintiff-intervenors may conduct monitoring visits within the secure area of MDC, if accompanied by counsel, without undergoing any background check. However, any non-lawyer working on behalf of counsel for plaintiffs and plaintiff-intervenors who wishes to conduct monitoring visits within the secure area of MDC unaccompanied by counsel must complete a modified version of the background check form that MDC uses for volunteers who visit MDC. The modifications are striking (1) question 23, which involves use of illegal substances; (2) questions 31 and 32; and (2) the second paragraph of the release of information consent that appears on the final page of the form. Defendants will process background checks and notify non-lawyers of the outcome no later than seven days after receiving the background check form. Defendants and CMS will allow approved non-lawyers the same access to the secure areas of MDC that counsel for plaintiffs and plaintiff-intervenors enjoy.

This Interim Order is effective until further order of the Court.

THE HONORABLE ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM:


approved as to form only
Zachary Ives
Molly Schmidt-Nowara
Counsel for Plaintiffs

approved as to form only
Marc Lowry
Mark Donatelli
Counsel for Plaintiffs


approved as to form only
Peter Cubra
Lisa Schatz
Counsel for Plaintiff Intervenors

approved as to form only
Nancy Simmons
David Meilleur
Counsel for Plaintiff Intervenors

approved
Debra Moulton
Counsel for CMS

Jeffrey L. Baker
Counsel for County of Bernalillo

approved
Marcus Rael
Counsel for County of Bernalillo