**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIMMY MCCLENDON, et al.

       Plaintiffs,　　　　　　　　　　CIV No. 95-0024 JAP/ACT

v.

CITY OF ALBUQUERQUE, et al.

       Defendants,

v.

E.M., R.L., W.A., D.J., P.S., and N.W., on behalf
of themselves and others similarly situated,

       Plaintiff-Intervenors.

**MEMORANDUM OPINION AND ORDER**

    This matter is before the Court on the following motions:

1.  Plaintiff-Intervenors' Motion to Compel Production of Documents from Defendants and Memorandum in Support Thereof filed July 6, 2009 [Doc. 730]. The Court having reviewed the Motion, the Defendant Bernalillo County's Response [Doc. 743], the Plaintiff-Intervenors' Reply [Doc. 749], and the relevant law, will deny the Motion; and

2.  Defendants' Motion for Protective Order filed May 7, 2010 [Doc. 779]. The Court having reviewed the Motion, Plaintiff-Intervenors' Response [Doc. 783], Defendant's Reply [Doc. 889], and the relevant law, will grant the Motion.

I.  Plaintiff-Intervenors' Motion to Compel Production of Documents from Defendants and Memorandum in Support thereof filed July 6, 2009. [Doc. 730.]

Plaintiff-Intervenors seek to Compel Production of the following documents:

1. Request for Production No. 6: "A copy of each document provided by you to Manuel Romero or Jeffrey Metzner since September 30, 2008." [Doc. 730 at p. 3.]

2. Request for Production No. 7: "All documents issued by you in response to issues raised by Dr. Metzner during his December visit, including, but not limited to, any documents, directives, policies or memos regarding forced medication or making [sic macing] of residents." [*Id.*]

3. Request for Production No. 8: "All documents issued since June 28, 2007 that discuss or describe the Regional Correctional Center (RCC) that have been provided by the County to the United States Department of Justice Office of the Federal Detention Trustee or the U.S. Marshall Service or any agents thereof." [Doc. 730 at p. 5.]

4. Request for Production No. 9: "All documents regarding the RCC issued since June 1, 2007 that are in the possession of the county manager, deputy county manager, the county attorney or their subordinates which have been issued by the United States Department of Justice Office of the Federal Detention Trustee or the U.S. Marshal Service or any agents thereof, including but not limited to all reports regarding shakedowns, investigation or inspections of the RCC by agents of either entity." [*Id.*]

5. Request for Production No. 10: "All reports regarding the RCC provided to the County by Cornell Corrections since June 1, 2007 pursuant to the reporting requirements of the contract between Cornell and the County." [*Id.*]

6. Request for Production No. 11: "All documents issued by any agent of the County

since June 1, 2007 that describe either the County's monitoring of the conditions within the RCC or the County's assessment of contract compliance by Cornell." [*Id*.]

Pursuant to Judge Parker's February 2, 2010 Order Denying without Prejudice Plaintiffs' and Plaintiff-Intervenors' Joint Motion to Enforce the Court's March 31, 2009 Order, when the Plaintiffs and the Plaintiff-Intervenors rescinded the 2005 Stipulated Settlement Agreements ("SSAs")[Docs. 700 and 701] and Defendant Bernalillo County appealed the Court's March 31, 2009 Order to the Tenth Circuit Court of Appeals, the Federal District Court of New Mexico was divested of its "control over those aspects of the case involved in the appeal." [Doc. 769 at p. 8.] This Court lacks jurisdiction to resolve these discovery disputes because they involve matters which are either the subject of the rescinded SSAs or involve matters which are part of the issue of whether detainees at the RCC are potential class or sub-class members.  Therefore, Plaintiff-Intervenors' Motion to Compel Production of Documents from Defendants and Memorandum in Support Thereof filed July 6, 2009 [Doc. 730] will be denied.

II.     Defendants' Motion for Protective Order filed May 7, 2010.[Doc. 779.]

Defendant seeks to quash a subpoena *duces tecum* which was issued by Plaintiff-Intervenors to Manuel Romero, the former court appointed auditor for Plaintiffs.  The subpoena requests production of the following items:

1. A copy of every document request you gave to the defendants in the McClendon case during 2008 and 2009;
2. A copy of the docs (sic) produced by Defendants in response to those requests; and
3. A copy of any written reports, whether complete or partial, which you wrote with respect to the Bernalillo Co (sic) jail system during 2008 or 2009.

[Doc. 779, Ex. A].  The subpoena requested that the documents be produced by 9:00 a.m. May 10, 2010.

Defendants argue that Fed.R.Civ.P. 26(b)(2)(C)(iii) precludes the discovery of the

material requested in the subpoena in that the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, . . . the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." [Doc.779 *quoting* Fed.R.Civ.P. 26.] Defendants also assert that "it is inappropriate for Plaintiff-Intervenors to seek documents from Manual Romero which were obtained and/or generated pursuant to the SSA which no longer exists, and to which they were not even a party." [Doc. 779 at p. 2.][1] Specifically, Mr. Romero was the auditor for the SSA for Plaintiffs, not the Plaintiff Intervenors. [2] In addition, Defendants point out that the District Court's Order which invited the Plaintiffs and the Plaintiff-Intervenors to rescind their respective SSAs has been appealed by Defendants, is fully briefed and awaits decision from the Tenth Circuit Court of Appeals. Finally, Defendants argue that the burden and expense of paying the attorneys for Plaintiff-Intervenors to read, organize, and analyze the requested documents outweighs the likely benefit considering the needs of the case at this juncture.

Plaintiff-Intervenors argue that the materials requested in the subpoena *duces tecum* are properly discoverable and governed by the District Court's July 11, 2003 Order [Doc. 416]. Further, they maintain that the outcome of Defendants' appeal of the recision of the SSAs has no impact on whether the information sought is discoverable because it is relevant to the constitutionality of the conditions at MDC and therefore relevant to the claims and defenses in this case.

---

[1] The Stipulated Settlement Agreement between Plaintiffs and Defendants was entered on June 30, 2005 [Doc. 515] and the Stipulated Settlement Agreement between Plaintiff-Intervenors and Defendants was filed the same day. [Doc. 514]. The SSA for Plaintiff-Intervenors and the SSA for Plaintiffs will be referred to collectively as the "SSAs" where appropriate.

[2] Plaintiff-Intervenors had a separate court appointed auditor– Jeffrey Metzner, M.D.

The Court agrees with the Defendants that the subpoena *duces tecum* should be quashed. First, the material requested in the subpoena need not be produced because it is subject to the limitations imposed by Fed.R.Civ.P. 26 in that the burden and expense of the proposed discovery outweighs its likely benefit, considering the status of the case at this juncture. Fed.R.Civ.P. 26(b)(2)(C)(iii). The Defendants have appealed the Court's March 31, 2009 Memorandum Opinion and Order [Doc. 699] which invited the Plaintiffs and the Plaintiff-Intervenors to rescind approval of their respective SSAs. This appeal is fully briefed and waits decision by the Tenth Circuit. The Court also agrees with Defendants that until the Court of Appeals rules, the contours of this case are not clear. In addition, the Court would note that although Plaintiff-Intervenors assert that the documents they are requesting are relevant, they have not demonstrated, nor can they demonstrate, that there is any urgency in having the documents produced since they pertain to events that occurred in 2008 and 2009.

The Defendants argue that the assertion by the Plaintiff-Intervenors that the July 11, 2003 Order [Doc. 416] "govern[s] this case" [Doc. 783 at p. 4] is misplaced. The Court agrees with the Defendants for the following reasons. The July 11, 2003 Order [Doc. 416] applied the November 5, 1996 PLRA Order [Doc. 255] to the Metropolitan Detention Center and specifically only ordered that Plaintiff and Plaintiff-Intervenors be provided access to the MDC and the records of residents of MDC. Thereafter, in 2005 the Plaintiff-Intervenors entered into an SSA which expressly replaced the "November 5, 1996 Order entered between Defendants and Plaintiff-Intervenors (doc # 256)." [Doc. 514 at p. 2].

Now that the SSA for Plaintiff-Intervenors has been rescinded, the status of this case, and what orders apply, is yet to be determined. The decision of the Tenth Circuit Court of Appeals will guide this Court on what orders and standards are to apply. *See* Judge Parker's Order

Denying without Prejudice Plaintiffs' and Plaintiff-Intervenors' Joint Motion to Enforce the Court's March 31, 2009 Order. [Doc. 769 filed February 20, 2010.] Under the circumstances, Defendants' Motion for Protective Order filed May 7, 2010 [Doc. 779] will be granted.

Lastly, the Court is constrained to address the conduct of counsel for Plaintiff-Intervenors with regard to the subpoena *duces tecum.* First, when conferring with counsel for Defendants (Jeff Baker) regarding Defendants' intention to file a Motion for Protective Order on May 7, 2010, counsel for Plaintiff-Intervenors (Peter Cubra) apparently did not disclose to Mr. Baker that he had already talked to Manuel Romero about the subpoena on May 1, 2010. [Doc.789-2]. *After* the Motion for Protective Order was filed, Mr. Cubra received from Manuel Romero a copy of his draft report. [Doc. 789-1.]

On May 10, 2010, one day after having received the draft report from Manuel Romero, Mr. Cubra provided a copy of the draft report to Mr. Baker's co-counsel, Marcus Rael. [Doc. 789-1.] On May 25, 2010, Mr. Rael sent a letter to Mr. Cubra requesting that he not review or utilize the draft report until the undersigned issued a decision on the Motion for Protective Order. [Doc. 789-3.] Mr. Cubra did not respond to this request.

On May 28, 2010, Mark Donatelli, an attorney for the Plaintiffs, sent an email to Mr. Baker on an un-related matter wherein he made a reference to part of Manuel Romero's draft report. [Doc.789 at p.3.] Counsel for Defendants assert that Mr. Donatelli could only have known about the information he referenced "if he was in possession of a copy of the of the draft/unfinished report which he received from Mr. Cubra." [*Id.*]

Plaintiff-Intervenors did not advise the Court in their Response to Defendants' Motion for Protective Order [Doc. 783] that they were already in possession of some of the subpoenaed documents–specifically Manuel Romero's draft report.  The Court finds that counsel for

6

Plaintiff-Intervenors' lack of full disclosure and candor with the Court and with counsel for Defendants is troubling.  Any future display of such lack of full disclosure and candor to opposing counsel or this Court will not be taken lightly.

**IT IS THEREFORE ORDERED** that Plaintiff-Intervenors' Motion to Compel Production of Documents from Defendants and Memorandum in Support thereof filed July 6, 2009 [Doc. 730] be denied and a protective order is entered precluding any further discovery requests from Plaintiff-Intervenors or Plaintiffs concerning matters involving the Regional Correctional Center until the appeal currently pending before the Tenth Circuit is resolved;

**IT IS FURTHER ORDERED** that Defendant's Motion for a Protective Order [Doc. 779] to quash the Plaintiff-Intervenors subpoena *duces tecum* served on Manual Romero is granted.

**IT IS FURTHER ORDERED** that Mr. Cubra, and anyone else who has received a copy of the draft report of Manuel Romero, return the draft report to Manuel Romero immediately.

                                                **ALAN C. TORGERSON**
                                                **United States Magistrate Judge**