IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY (BILLY) MCCLENDON, et al.,

    *Plaintiffs*,

vs.                                                           No. CV 95-24 JAP/ACT

CITY OF ALBUQUERQUE, et al.,

    *Defendants*

vs.

E.M., R.L., W.A., D.J., P.S., and N.W., on behalf
of themselves and all others similarly situated,

    *Plaintiff Intervenors.*

**PLAINTIFF INTERVENORS' MOTION FOR ENFORCEMENT
OF INTERIM ORDER REGARDING ACCESS TO THE MDC**

    COMES NOW the Plaintiff Intervenor subclass, through undersigned counsel, and respectfully requests that the Court enter an order requiring the Defendants to comply with the Court's September 17, 2009 Interim Order Regarding Access to the MDC (Doc. 754); specifically, to comply with the provisions of said order with respect to production of documents.

    As grounds for this motion, counsel for Plaintiff Intervenors state that on September 17, 2009 the Court entered Interim Order Regarding Access to the MDC (Interim Order). *See, generally,* Doc. 754. This order requires, *inter alia*, that Defendants produce documents requested by Plaintiff Intervenors (other than client files, which must be produced within three business days) within thirty (30) days of the requests or explain their reasons for refusing to produce the documents. *Id.* at paragraph 11. The Interim Order also requires Defendants to provide copies, or make available for review, videos requested by Plaintiff Intervenors. *Id.* at

1

paragraph 10. There is no time frame set forth in the order as to videos, but presumably it should take no more than 30 days for Defendants to comply with a request or to explain why they are refusing to do so. As set forth below, since late 2010 the Defendants have repeatedly failed to provide documents or make videos available within the required 30 days and have also failed to respond with an explanation of their refusal or failure to produce the documents.

On March 14, 2011 counsel for Plaintiff Intervenors delivered via electronic mail to Defendants a detailed listing of outstanding document requests that were past due in violation of the order of the Court. *See* Exhibit 1. The list included what documents had been requested and when, the follow-up requests that had been made as to each request, any response received from Defendants, the date the documents were due, and any outstanding requests or portions of requests. *Id.* Defendants never responded. On July 20, 2011 Plaintiff Intervenors delivered via electronic mail to Defendants an updated detailed listing of past-due document requests. *See* Exhibit 2. This updated list indicated that most of the past-due document requests that were detailed in the March 14, 2011 list had still not been produced and that a number of additional requests were now also past due. Once again, Defendants failed to respond. On August 7, 2011 counsel for Plaintiff Intervenors sent Defendants a letter describing Defendants' failure to respond to the previous communications and notifying Defendants of their intent to bring an enforcement motion before the Court regarding violations of the Interim Order. *See* Exhibit 3. Plaintiff Intervenors' counsel, once again, provided an updated detailed list of the outstanding document requests.

On August 19, 2011 Defendants finally responded to the three requests to produce the past-due documents and videos. *See* Exhibit 4. Unfortunately, the long awaited response from Defendants does not adequately address the outstanding requests for production. As of the

drafting of this motion, Defendants have not provided a complete response to at least twenty-six (26) separate requests for documents, videos or investigations that are past due in violation of Court order. *See, e.g.*, Exhibits 2 and 4, request Nos. 9, 12, 14, 16, 17, 19, 20, 23, 25, 27, 28, 29, 30, 31, 36, 43, 44, 46, 47, 52, 53, 56, 57, 59, 60, and 70.

For example, during a meeting with Defendants on October 18, 2010, in response to numerous complaints from subclass members about being denied access to the grievance and appeals procedures because grievance officers and caseworkers do not regularly visit the housing units, Plaintiff Intervenors requested the data collected by the Defendants regarding the dates and times that grievance officers and caseworkers visit each housing unit. Defendants agreed to provide the data, which they indicated was electronically tracked by MDC. Pursuant to the Interim Order this data should have been provided by November 17, 2010, but, despite several oral and written requests and reminders, it still has not been produced. On August 11, 2011, nearly nine months after Defendants were obligated to produce the data, Defendants produced instead a table purportedly reflecting the number of contacts that the grievance officer made with inmates on each unit in August, September, and October 2010 and the number of grievances they allowed. There is no indication how often the grievance officers entered each unit, which was the information requested, and it is unclear what, if any, connection exists between the information produced and the electronic tracking data which the Defendants agreed to produce. *See* Exhibit 5. Thus, Defendants' response still does not provide the data requested regarding the frequency of grievance officer visits to housing units that Defendants agreed in October of last year to produce. Moreover, Defendants provided no data of any kind regarding caseworker visits. Instead, their August 19, 2011 response regarding the request for that data for caseworkers, was the statement, "MDC does not have caseworkers…we have classification specialists." Despite

3

Defendants agreeing to produce the data regarding caseworkers and multiple follow-up requests for the documentation regarding caseworkers, more than nine months after production was required, the Defendants raised for the first time a semantic distinction of terminology without a difference, and did not produce any of the requested documentation. *See* Exhibits 2 and 4, request No. 9.

Another example of Defendants' intentional choice to violate the Interim Order, relates to Plaintiff Intervenors' repeated request since November 19, 2010 for the documentation of the death investigation of subclass member E. P.. Of the seven (7) items requested, just one (1) was produced by Defendants nearly eight months past the date required, and shortly thereafter Defendants have stated that one (1) other requested item does not exist. As to the remaining five (5) items, Defendants stated in their August 19, 2011 response that Jeff Baker will be filling policy requests and that the remaining requests should be directed to CHM. *See* Exhibits 2 and 4, request No. 14. However, every one of Plaintiff Intervenors' requests have already been sent to Jeff Baker and to CHM counsel, with no response from either.[1]

In addition to the thirty-five (35) above referenced outstanding, past-due requests, there are at least nine (9) additional overdue requests for which Defendants now claim they are unable to produce the requested documentation because it does not exist or cannot be located. *See, e.g.*, Exhibits 2 and 4, request Nos. 6, 10, 15, 21, 22, 26, 37, 49, and 69. Defendants' recent response comes long after the 30 day deadline specified by the Court's order. Additionally, these

---

[1] In addition to the above examples of the failure to produce requested documentation, there are nine (9) past-due requests to which Defendants responded in their August 19, 2011 correspondence with the statement that the documentation will be provided at the next visit of Plaintiff Intervenors' counsel to the MDC. *See, e.g.*, Exhibits 2 and 4, request Nos. 1, 32, 35, 39, 50, 65, 67, 68, and 71. As said visit has not yet been scheduled and these documents have not yet been produced, it is unknown at this time if the promised production will be appropriately responsive. What is known is that even if the requested documents are finally produced that production will be complete significantly past the deadlines required by the Interim Order. *Id.*

responses raise concerns about the Defendants' lack of documentation of important information. For example, on September 22, 2010 Plaintiff Intervenors requested documentation regarding mass strip searches that, at the time of the request, had recently been conducted—one on a psychiatric acute care unit and the other on a women's housing unit. Several residents reported being treated abusively during each of the searches. On October 5, 2010, Plaintiff Intervenors clarified the initial request to specifically ask for any documentation of who requested the mass strip searches, who authorized them, and on what basis. Defendants' response, more than nine months late, indicates that no such documentation exists. *See* Exhibits 2 and 4, request No. 6. Another example of Defendants' belated objection to Plaintiff Intervenors' requests relates to video tapes of alleged assaults of subclass members by staff. Defendants provided the requested investigations approximately sixty days later than required by Court order, but have failed to produce the requested video tapes, claiming they are unavailable. *See* Exhibits 2 and 4, request Nos. 37 and 49.

The ability of counsel for Plaintiff Intervenors to timely receive and review documentation regarding allegations of harm and mistreatment of subclass members is crucial to meaningful monitoring efforts. Defendants' failure to comply with the Interim Order with respect to document production requests interferes with these monitoring duties. The Court has the authority to enforce the Interim Order Regarding Access to the MDC (Doc. 754) and to compel Defendants' compliance regarding production of documents, through the Court's broad equitable powers. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911).

## CONCLUSION

Counsel for Plaintiffs have attempted in good faith to resolve this matter with Defendants' counsel, but, as noted above, have not received a complete response to numerous

repeated requests for production. Plaintiffs, therefore, respectfully request that the Court issue an Order:

1. Compelling Defendants to produce all past-due requested documents within ten (10) days;

2. Imposing appropriate sanctions on the Defendants for violations of the Interim Order Regarding Access to the MDC;

3. Requiring the Defendants in the future to make video tapes, death investigation and incident investigation reports and supporting documents thereof available for review onsite whenever copies are not timely provided as required by Court order; and

4. For what further relief the Court deems just and proper.

          Respectfully submitted,

          */Electronically submitted/*
          PETER CUBRA
          KELLY K. WATERFALL
          3500 Comanche NE, Suite H
          Albuquerque, NM 87107
          (505) 256-7690

          LAW OFFICES OF NANCY L. SIMMONS, P.C.
          Nancy L. Simmons
          David Meilleur
          120 Girard Blvd SE
          Albuquerque NM 87107
          (505) 232-2575

          J. KATHERINE GIRARD
          102 Granite Avenue, NW
          Albuquerque, NM 87102
          (505) 842-8492

          *Attorneys for Plaintiff Intervenors*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 22, 2011, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/*                              
Kelly K. Waterfall