IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY (BILLY) MCCLENDON, et al.,

    Plaintiffs,

vs.                                                                                  CIV 95-0024 JAP/KBM

CITY OF ALBUQUERQUE, et al.,

    Defendants,

vs.

E.M., R.L., W.A., D.J., P.S. and N.W., on behalf
Of themselves and all others similarly situated,

    Plaintiff-Intervenors.

## **ORDER OF RECUSAL**

    THIS MATTER comes before the Court sua sponte.  I have received notice from the Article III District Judges that the Magistrate Judge Merit Selection Panel ("Panel") will be conducting an assessment of my performance to assist the judges in determining whether I should be reappointed for another eight-year term.  Attorney Philip Davis, one of the many lawyers who represent the Plaintiffs in this case, serves as a member of the Panel.

    I conclude that Canon 3C(1) of the Judicial Code of Conduct requires that I recuse from this case during the time that the Panel will be conducting its assessment.  In an advisory opinion directly on point, the Committee on Codes of Conduct

determined that a magistrate judge is required to recuse from any cases in which a Panel member appears as an attorney or party.  *See* Advisory Opinion No. 97 (June 2009).  At the completion of the process, Presiding Judge Parker can again reassign me as the referral judge if he chooses to do so.  *Id.*

I have considered the remittal procedure outlined in Canon 3D for me to remain on this case, but it is especially problematic because of the requirement that all parties as well as their attorneys file written waivers after receiving notice of the basis for disqualification.  Given that the Panel's assessment is expected to be completed in less than two months, recusal seems the better option.

**IT IS SO ORDERED.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE