IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY (BILLY) McCLENDON, et al.,

    Plaintiffs,

vs.                                                    CIV 95-24 JB/KBM

CITY OF ALBUQUERQUE, et al.,

    Defendants,

vs.

E.M., R.L., W.A., D.J., P.S., and
N.W. on behalf of themselves and
all other similarly situated,

    Plaintiff-Intervenors.

### DEFENDANT'S NOTICE OF EMERGENCY
### PURSUANT TO PARARAGRAPH 14 OF THE SETTLEMENT AGREEMENT

Defendant, the Bernalillo County Board of County Commissioners (*hereinafter* "County Defendant"), through its attorneys, Robles, Rael & Anaya, P.C. (Taylor S. Rahn) state the following for its Notice of Emergency Pursuant to Paragraph 14 of the Settlement Agreement.

### INTRODUCTION

Paragraph 14 of the parties' Settlement Agreement provides:

If Defendants invoke emergency circumstances to take action that departs from what would otherwise be the requirements of this Settlement Agreement, Defendants will immediately notify the Court, the experts, Plaintiffs' counsel, and Plaintiff-Intervenors' counsel of the following:

A. The emergency circumstances relied upon;
B. The corresponding action taken;

   C. What Defendants believe will be the duration of such circumstances and such action; and
   D. The steps Defendants are taking to attempt to limit the duration of such action to as short a term as practicable.

**(Doc. No 1222-1)**, ¶14.

The Settlement Agreement defines an emergency "a circumstance caused by a riot, fire, or similar event not caused intentionally by Defendants, their agents or employees, that makes compliance with the provisions of this Settlement Agreement temporarily impossible, extraordinarily difficult, or infeasible." Id., ¶15.

On January 5, 2022, Bernalillo County was the subject of a ransomware attack. The entire county was impacted, to include the Metropolitan Detention Center. This circumstance meets the definition of an emergency set forth in the Settlement Agreement. This circumstance will also temporarily disrupt County Defendant's ability to comply with the Settlement Agreement. Accordingly, Bernalillo County provides notice to the Court.[1]

## FACTUAL BACKGROUND

### A. *Emergency circumstances*

On January 5, 2022, between midnight and 5:30 a.m., Bernalillo County was subjected to a cyber-attack. It is suspected the attack is ransomware, a situation where the hacker takes data from the victim and holds it "hostage" until the victim agrees to pay a certain amount. All County databases are suspected to be impacted by the attack. Over the past day, the County has worked to confirm which systems have been impacted. In addition, to County-operated databases and servers,

---

[1] County Defendant alerted Plaintiffs and Plaintiff-Intervenors (jointly "Plaintiffs") counsel on the morning of January 5, 2022. At this same time, County Defendant alerted the Court's experts. Because the situation was rapidly evolving, County Defendant elected to provide notice to the Court once additional details could be gathered to satisfy the notice requirements of the Settlement Agreement.

all County internet systems have been compromised. Further, access to County email addresses is limited while the scope of the problem is addressed.

Specific to MDC, like all other County employees, MDC employees have limited access to email and no access to County wireless internet. The lack of access to County internet is a specific issue at MDC because the facility's structure and location impede the use of cellular data. Several County databases at MDC are also suspected or confirmed to be corrupted by the attack. The Incident Tracking System (ITS), the database in which MDC creates and houses all incident reports, including inmate fights, use of force, allegations of violations of the Prison Rape Elimination Act, is not currently available as it is suspected to be corrupted by the attack. Further, the Offender Management System ("OMS") which MDC uses to store and access information about inmates including inmate account data is likewise unavailable at the present. Finally, the lack of internet access prevented MDC from participated in video-conference court proceedings on January 5, 2022.

In the early morning of January 5, 2022, the automatic door mechanisms at MDC were unusable, meaning that staff had to use keys to manually open facility doors. However, in the afternoon of January 5th, automatic door functions were restored. One of the most concerning impacts of the cyber attack is that MDC is unable to access facility cameras. As of the evening of January 5th, there was no access to cameras within the facility.

A number of databases at the facility are not housed by the County and were not impacted. For example, the contract medical provider, Corizon still has access to patient records and is able to continue seeing patients in the facility. Additionally, Northpointe, MDC's classification software, was not corrupted during the attack. However, because Northpointe is web-based, MDC

staff must have internet in order to access this data. Thus, this system was temporarily unavailable on January 5, 2022. Hard copies of some booking information are kept at the facility. Landline telephones continue to function. Intercoms from inmate cells (also known as call buttons) are also operational. Inmate tablets which are used for visits, media viewing, submitting requests, and filing grievances are also still functional.

### B. Action Taken

Based upon the overall crisis as well as the lack of camera coverage within the facility, MDC has temporarily placed the facility on a lockdown beginning the morning on January 5, 2022. This means inmates, even inmates in general population, are temporarily limited to their cells. Inmates will still be removed from their cells for medical care, but they will not receive unstructured "time-out". County Defendant understands the importance of out of cell time and MDC is currently creating a plan to resume of out cell time. The lack of camera coverage, however, creates a significant security concern for the safety of staff and inmates during out of cell time. Due to the unavailability of camera coverage, MDC has temporarily suspended all visits for the safety of staff, inmates, and visitors.

Due to the unavailability of ITS, MDC is now completing incident forms on paper copies. Although the inmate tablets and phones are still working, due to the temporary lockdown, MDC is providing paper copies of inmate forms such as grievances and commissary order forms.

MDC has continued to accept bookings for new inmates. MDC will rely upon a mixture of hard copy and electronic information for booking and releases. At least one release scheduled for January 5, 2022 was delayed, however, MDC expects to resume releases on a normal schedule on January 6, 2022. On January 5, 2022, several County employees worked in the parking lot of MDC

to obtain records from web-based programs using cellular data and then printed this data to provide to the facility. The County is working to provide MDC with uncorrupted laptops to allow MDC employees to access Northpointe classification records. The County is also exploring "hot spots" to provide web access within the facility without relying upon County internet.

MDC has met with officials from both the Metropolitan and District Courts. The Metropolitan Court has portals into the facility that were not impacted by the cyber-attack. MDC intends to use these portals to continue some video appearances. In consultation with the courts, the Public Defender's Office, and the District Attorney's Office, some court appearances scheduled for this week will be postponed or conducted with the defendant waiving his or her appearance. MDC is also prepared to transport inmates to court if no alternative can be found.[2] All court appearances disrupted on January 5, 2022 have been addressed.

At this time, County Defendant does not anticipate taking any action that is directly contrary to the Settlement Agreement. For example, County Defendant has not lifted the requirement to document use of force, suspended the inmate grievance system, or violated the limits on housing inmates. However, limited out of cell time may have an impact on inmates' ability to access telephones and tablets. Further, depending on the length of the impact of the attack, County Defendant may be unable to gather data required by the Settlement Agreement.

### C. *Expected Duration*

The situation is changing constantly. Accordingly, County Defendant is unable to provide an expected duration of the impact. County Defendant is addressing both short term and long-term

---

[2] MDC relies heavily on video appearance for inmates for convenience and safety. During the pandemic, video conferencing became an even more important safety feature as courts uniformly attempted to limit in-person contact.

impact of the issue. Long term impact is likely to include lack of data and delay as paper copies used in the interim must be converted. The short-term impacts such access to inmate services, court, out of cell time are already being addressed.

### D. *Efforts taken to limit duration*

Bernalillo County has already contacted federal law enforcement to address the cyber-attack. Further, Bernalillo County is consulting with many technology resources to confirm and ultimately repair the corruption and unavailability of County data. As noted above, Bernalillo County is taking efforts to mitigate the impact of the attack on day-to-day jail life as well as compliance with the Settlement Agreement.

## CONCLUSION

County Defendant is committed to addressing this crisis and protecting the health and safety of MDC inmates while both short-term and long-term solutions are developed. County Defendant will continue to keep the Court's experts and Plaintiffs' counsel apprised of this situation. County Defendant also intends to file an additional status report with the Court once additional information is available.

**WHEREFORE**, County Defendant respectfully provides notice of an emergency circumstance.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**


By:   /s/ Taylor S. Rahn
       Taylor S. Rahn
       Luis Robles
       Attorneys for County Defendant
       500 Marquette Ave. NW, Suite 700
       Albuquerque, New Mexico 87102
       (505) 242-2228
       (505) 242-1106 (facsimile)
       taylor@roblesrael.com
       luis@roblesrael.com

I hereby certify that on this 6th day of January 2022, the foregoing was electronically served through the CM/ECF system to all counsel of record.

/s/ Taylor S. Rahn
Taylor S. Rahn