# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JIMMY (BILLY) McCLENDON, et al.,**

    Plaintiffs,

vs.                                    No. CIV 95-24 JB/KBM

**CITY OF ALBUQUERQUE, et al.,**

    Defendants,

vs.

**E.M., R.L. W.A. D.J., P.S., and**
**N.W. on behalf of themselves and**
**all other similarly situated,**

    Plaintiff-Intervenors.

## STIPULATED SETTLEMENT AGREEMENT RESOLVING DOC. 1468

This matter comes before the Court by agreement of Defendant Bernalillo County, Plaintiffs, and Plaintiff-Intervenors ("the parties") regarding the resolution of *Plaintiff And Plaintiff Interveners' Joint Motion For Enforcement Of Check-Out Audit Agreement No. 1 And For Further Remedial Relief* (Doc. 1468). Based on the stipulations of the parties, and the reports of the Court's experts, the Court finds as follows pursuant to 18 U.S.C. § 3626(a)(1):

1. This Order resolves Plaintiffs' motion *Plaintiff and Plaintiff Interveners' Joint Motion for Enforcement of Check-Out Audit Agreement No. 1 and for Further Remedial Relief* (Doc. 1468).

2. Defendants are not in compliance with some of the requirements of *Check-Out Audit Agreement No. 1*.

# EXHIBIT 1

3. Defendant Bernalillo County has already begun steps to remedy the problems alleged in the Plaintiffs' motion and the parties have determined that a Corrective Action Plan (CAP) should be implemented promptly without the delay, expense and distraction of an evidentiary hearing;

4. It is in the best interests of Defendant Bernalillo County, the Plaintiffs, the Plaintiff Intervenors, and the public for this settlement agreement to be entered at this time, without the expense and distraction of further litigation; and

5. The settlement agreement is proper and all of the relief described in this settlement agreement:

   a. is narrowly drawn;

   b. extends no further than necessary to correct the violations of the federal rights of class and subclass members;

   c. is the least intrusive means necessary to correct the violations of the federal rights of class and subclass members; and

   d. will have no adverse impact on public safety or the operation of the criminal justice system.

It is hereby ordered that Defendant Bernalillo County, Plaintiffs, and Plaintiff Intervenors will implement the following settlement agreement forthwith.

### SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS, PLAINTIFF INTERVENORS, AND DEFENDANT BERNALILLO COUNTY

On September 27, 2021, counsel for the class and subclass filed *Plaintiff And Plaintiff Interveners' Joint Motion For Enforcement Of Check-Out Audit Agreement No. 1 And For Further Remedial Relief* (Doc. 1468). Counsel for the parties have determined that it is in their mutual interests to resolve that motion on the following terms. This

settlement agreement resolves that motion. It is not intended to resolve all issues between the parties and it does not preclude future litigation regarding alleged noncompliance with *Check-Out Audit Agreement No. 1*.

## TERMS

1. In consideration for this Stipulated Settlement Agreement:

    a. Plaintiffs and Plaintiff Intervenors agree not to refile *Plaintiff And Plaintiff Interveners' Joint Motion For Enforcement Of Check-Out Audit Agreement No. 1 And For Further Remedial Relief* (Doc. 1468); and

    b. Defendants will, in return, implement the Corrective Action Plan ("CAP") attached hereto.

2. Defendant Bernalillo County, counsel for Plaintiffs, and counsel for Plaintiff Intervenors will continue to work with the Court's medical care expert, currently Dr. Muthusamy Anandkumar, to address the practices alleged in *Plaintiff And Plaintiff Interveners' Joint Motion For Enforcement Of Check-Out Audit Agreement No. 1 And For Further Remedial Relief*, by effectively implementing the CAP.

3. In the event that Defendant Bernalillo County, counsel for Plaintiffs, and counsel for Plaintiff Intervenors do not agree about how to accomplish any aspect of the above, they will seek assistance from the Court expert, Dr. Anandkumar, to resolve any disagreements regarding how to implement the Corrective Action Plan.

    a. If County Defendants determine that a deadline set forth in the CAP has become unworkable, County Defendants will alert counsel for Plaintiffs and Plaintiff Intervenors at least a week prior to the deadline and propose a new deadline.

      1) If Plaintiffs and Plaintiff Intervenors do not agree to the proposed extension or the parties are unable to come to an agreement, the Court expert, Dr. Anandkumar and then determine whether the extension will result in an unreasonable risk of harm.

      2) If the Court expert determines there is no unreasonable risk of harm, the extension will be granted;

      3) If the Court expert does not make a determination within fourteen days of the expiration of the original deadline, Plaintiffs or Plaintiff Intervenors may file a motion raising the issue with the Court.

4. In the event County Defendants determine that a task set forth in the CAP has become unworkable, they will alert counsel for Plaintiffs and Plaintiff Intervenors and the Court expert. If the Court expert agrees there is a better way to accomplish the same purpose, they may either eliminate the provision or substitute a different provision for the original one.

5. In the event the County Defendants do not comply with the timelines or tasks in the CAP, Plaintiffs' and/or Plaintiff Intervenors' counsel may present the issue(s) directly to the Court by filing a motion seeking to remedy the ongoing noncompliance without first mediating the issue(s) before the Special Master.

6. Noncompliance with any provision of the CAP creates a rebuttable presumption of noncompliance with *COA No.1*. County Defendant may overcome that presumption, but County Defendant bears the burden of proof in any proceeding in which they seek to rebut the presumption using a preponderance of the evidence standard.

7.  Nothing in this Stipulated Settlement Agreement prevents counsel for Plaintiffs or Plaintiff Intervenors from seeking remedial relief from the Court in the event members of the class or subclass are experiencing irreparable harm, irrespective of whether the CAP is being implemented. This agreement does not otherwise modify the mediation provisions set forth in the parties' Settlement Agreement.

8.  County Defendants will retain and maintain a permanent contract compliance monitor with a medical background for MDC. That monitor will:

    a. serve as an MDC employee,

    b. be a permanent member of any quality control committee required by *COA No.1*, the CAP, or the County,

    c. report directly to the County Commission or County Manger on a monthly basis, with copies of the report to be provided to Plaintiffs and Plaintiff Intervenors, and

    d. be allowed to communicate with counsel for Plaintiffs and Plaintiff Intervenors regarding medical and mental health services at MDC.

9.  The Court medical expert will conduct at least monthly visits (remote or on-site) to MDC to monitor compliance with *COA No.1* and the CAP.

10. The Parties will conduct quarterly status conferences with the Court to address County Defendant's progress in achieving compliance with *COA No.1*, the CAP, this Order and any compliance related issues.

11. County Defendant may not file any Prison Litigation Reform Act (PLRA) motion to terminate prospective relief until eighteen (18) months following the date the Court enters this Order. This order will expire after eighteen (18) months, but Plaintiffs or

Plaintiff Intervenors may request an extension of this order if the CAP has not been implemented.

**IT IS SO ORDERED.**

_____
JAMES O. BROWNING
United States District Judge

**APPROVED:**


_____  _____
Kenneth Martinez                                      Taylor Rahn
Attorney for County Defendants            Attorney for County Defendants


_____  _____
Alexandra Smith                                         Marc Lowry
Attorney for Plaintiffs                                Attorney for Plaintiffs


_____  _____
Katherine Loewe                                       Nancy L. Simmons
Attorney for Plaintiff-Intervenors             Attorney for Plaintiff-Intervenors