**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIMMY (BILLY) McCLENDON, et al.,

Plaintiffs,

and,

E.M., R.L., W.A., D.J., P.S., and
N.W. on behalf of themselves and
all other similarly situated,

Plaintiff-Intervenors.

v. No. 6:95-cv-00024-SMD-SCY

CITY OF ALBUQUERQUE, et al.,

Defendants.

**ORDER GRANTING COUNTY'S MOTION FOR LEAVE TO FILE A SURREPLY**

**THIS MATTER** comes before the Court on Defendant County of Bernalillo's ("County") Motion for Leave to File a Surreply to Plaintiff's Reply, Doc. 1954. On June 9, 2026, Plaintiffs and Plaintiff-Intervenors filed a Motion for Order to Show Cause Why Defendant Shall Not Have Sanctions Imposed Upon it for Violating the Orders of the Court and Failing to Provide Adequate Medical Care, Doc. 1886 ("Motion").

On July 10, 2026, the County filed its Response to the Motion, Doc. 1898. Plaintiffs filed their Reply on August 24, 2026, Doc. 1936.

The County argues that Plaintiffs' Reply raises a new legal argument regarding judicial estoppel as an additional basis for rejecting the County's position on the enforceability of the Corrective Action Plan ("CAP"). The County further argues that Plaintiffs rely on various new factual circumstances that emerged after the Motion, such as statements made during the August 17, 2026 status conference and an August 14, 2026 communication between County counsel and Dr. Kumar.

"A surreply is appropriate and should be allowed where new arguments are raised in a reply brief." *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1180 (D.N.M. 2015) (citation omitted). The Court **GRANTS** the County's Motion for Leave to File a Surreply. However, the surreply is limited to the newly raised legal argument regarding judicial estoppel and the new factual circumstances identified. The County is precluded from raising issues outside this narrow scope or expanding upon arguments already raised in its previous briefing.

In its Motion for Leave to File a Surreply, the County argues that the affidavit of Katherine Loewe constitutes inadmissible hearsay. Doc. 1954 at 3. The Court declines to address the merits of this argument at this time, as the County may fully develop the issue in its surreply.

**IT IS ORDERED** that the County shall file its surreply no later than October 14, 2026. The scope of the surreply is confined to the new factual developments and legal theories alleged to have been raised in Plaintiff's Reply.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**