**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JIMMY (BILLY) McCLENDON, et al.,

Plaintiffs,

and,

E.M., R.L., W.A., D.J., P.S., and
N.W. on behalf of themselves and
all other similarly situated,

Plaintiff-Intervenors.

v. No. 6:95-cv-00024-SMD-SCY

CITY OF ALBUQUERQUE, et al.,

Defendants.

**ORDER DENYING COUNTY DEFENDANT'S MOTION TO STRIKE**

**THIS MATTER** is before the Court on Defendant Bernalillo County Board of County Commissioners' Motion to Strike Document 1937; or in the Alternative Expressly Disregard the Contents, filed September 16, 2026. Doc. 1953 ("Mot. to Strike"). Plaintiffs and Plaintiff-Intervenors ("Plaintiffs") filed their response on October 1, 2026. Doc. 1965 ("Pls.' Resp."). The County filed its reply on October 12, 2026. Doc. 1970 ("Def.'s Reply"). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Motion is **DENIED IN PART** and **GRANTED IN PART**. The unsigned letter that the Bernalillo County Board of County Commissioners ("County") seeks to strike, Doc. 1937, will be sealed.

**BACKGROUND**

On August 24, 2026, an anonymous letter (Doc. 1937) addressed to individuals directly involved in this case was filed on the docket. The unsigned letter contains no return address and alleges improper workplace conditions at the University of New Mexico Hospital at the Bernalillo

County Metropolitan Detention Center. The letter bears the Court Clerk's receipt stamp dated August 24, 2026 and was docketed by the Court.

The County moves to strike this letter on several grounds, including Federal Rules of Civil Procedure 5, 7, 8, and 11, arguing that it contains hearsay and unsubstantiated statements. Mot. to Strike at 12. Additionally, the County invokes D.N.M.LR-Civ. 10.3, which provides that "[a] paper filed without signature will be stricken unless it is signed within fourteen (14) days after the omission is called to the party's attention."

Plaintiffs oppose striking the letter in the interest of transparency. They argue that the County's reliance on pleading rules is misplaced because the letter is neither a pleading nor a motion. *See* Pls.' Resp. at 2. Plaintiffs further contend that the Court maintains broad discretion over its docket, motions to strike are generally disfavored, and the rules of evidence do not apply to the letter at issue. *Id.* at 4.

**DISCUSSION**

The County's reliance on Federal Rules of Civil Procedure 7 and 8 is inapposite. First, Rule 7 enumerates the permissible types of pleadings and the format requirements for motions. *See Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1152 (D.N.M. 2021). As the County concedes, Rule 8 similarly governs the substance of pleadings. Mot. to Strike at 4. The anonymous letter is neither a pleading nor a motion; it does not fall within the enumerated categories of Rule 7, nor does it request court action. Because neither rule requires striking a non-conforming filing that is not a motion or a pleading, the County's arguments under Rules 7 and 8 do not apply.

The County's argument that the letter violates Rule 5 because it was not properly served is also misplaced. Mot. to Strike at 7. Rule 5 governs the service and filing of pleadings and other paper; it lists five categories of papers that must be served on all parties. Fed. R. Civ. P. 5(a)(1).

The County concedes that the letter "does not fit neatly into any of these categories" listed in Rule 5 but argues it should nevertheless be treated as a notice under Rule 5(a)(1)(E). The County fails to provide any authority to support this position.

The County proceeds to argue that the unsigned letter violates Rule 11, which requires every pleading, written motion, and other papers to be signed by an attorney of record or by a party if the party is unrepresented. *See* Mot. to Strike at 6. The rule further requires the filing to state the signer's address, e-mail address, and telephone number, and instructs the court to strike an unsigned paper unless the omission is promptly corrected after being brought to the attorney's or party's attention. The County argues that the unsigned letter must be stricken for lacking Rule 11's required components.

The Supreme Court has recognized that Rule 11 "sets up a means by which *litigants* certify to the court, by signature, that any papers filed are well founded." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 542–43 (1991) (emphasis added). A signature certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive. *Id.* (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1335 (2d ed. 1990)). This sentence, by its terms, governs any signature of "an attorney or party." *Id.* Rule 11 does not apply to the letter at issue because it was not sent by a litigant or counsel.

The Court, however, finds that the letter is irrelevant to the underlying case and the pending motions because it outlines unsubstantiated workplace complaints. Accordingly, the Court will not consider any portion of the letter's contents. The public's interest in accessing a document that the Court does not consider is correspondingly less strong. *Cruz v. Lovelace Health Sys., Inc.*, No. 1:18-CV-974-RB-SCY, 2019 WL 4168656, at *5 (D.N.M. Sept. 3, 2019). While the Court denies

the County's motion to strike, it will order the letter sealed because it is irrelevant to the administration of this case and the pending motions.

**CONCLUSION**

**IT IS ORDERED** that Defendant's Motion to Strike Document 1937; or in the Alternative Expressly Disregard the Contents (Doc. 1953) is **DENIED** as to Defendant's request to strike Document 1937 and **GRANTED** as to Defendant's request that the Court disregard its contents. The unsigned letter at issue, Doc. 1937, will be sealed, and the Court will not consider its contents.

**IT IS SO ORDERED**.



**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**